FILED
United States Court of Appeals
Tenth Circuit

March 31, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

PETER COMPTON,

   Petitioner–Appellant,

v.

STEVE HARTLEY; ATTORNEY
GENERAL OF THE STATE OF
COLORADO,

   Respondents–Appellees.

No. 09-1444

(Case No. 07-CV-02363-WYD)

(D. Colo.)

---

**ORDER**[*]

---

Before **LUCERO**, **McKAY**, and **MURPHY**, Circuit Judges.

---

Petitioner, a *pro se* state prisoner, seeks a certificate of appealability to appeal the district court's denial of his § 2254 habeas petition. Petitioner was convicted of murder by a jury after deliberation and was sentenced to life without parole. His conviction was affirmed on direct appeal and in state post-conviction proceedings. In his federal habeas petition, Petitioner argued that: (1) the jury was incorrectly instructed on the "after deliberation" element of the charge; (2) the trial court refused to replace a juror who allegedly slept through portions of the trial; (3) there were several errors in the admission and presentation of DNA

---

[*] This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

evidence at his trial; (4) trial counsel provided ineffective assistance relating to the DNA evidence; and (5) the state court erred in deeming several of his post-conviction claims to have been abandoned. The district court dismissed the first four of these claims on the merits and the fifth claim as procedurally barred. Petitioner now seeks a certificate of appealability to appeal the denial of the final three of these claims, relating to the DNA evidence and the post-conviction claims not considered by the state court.

After thoroughly reviewing the record and Petitioner's filings on appeal, we conclude, based on substantially the same reasons given by the district court, that reasonable jurists would not debate the district court's resolution of Petitioner's two DNA-related claims. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). As for Petitioner's argument regarding the claims deemed abandoned by the state court, the district court dismissed this issue on procedural grounds, and therefore Petitioner must demonstrate both "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling" and that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." *Id.* All of the claims deemed abandoned by the state court related to the trial court's evidentiary rulings and various instances of alleged ineffective assistance of trial counsel. After considering these claims under *Strickland v. Washington*, 466 U.S. 668, 687 (1984), and the applicable standard for federal habeas review of a state court's evidentiary rulings, *see Fox*

*v. Ward*, 200 F.3d 1286, 1296 (10th Cir. 2000), we conclude reasonable jurists would not debate whether Petitioner is entitled to federal habeas relief on the merits of any of these claims. We therefore **DENY** Petitioner's request for a certificate of appealability and **DISMISS** the appeal. We **GRANT** Petitioner's motion for leave to proceed *in forma pauperis*.

Entered for the Court


Monroe G. McKay
Circuit Judge